OPINION
Defendant-appellant Advanced Vinyl Distributors Corp. appeals the August 17, 2000 Judgment Entry of the Mount Vernon Municipal Court which granted judgment against it in the amount of $3,769.98, and in favor of plaintiff-appellee James Carr and which granted judgment for appellee on appellant's counterclaim.
 STATEMENT OF THE CASE[1]
Appellee filed a small claims Complaint against appellant in the Mount Vernon Municipal Court on December 17, 1999, claiming damages resulting from a siding contract he entered into with appellant. The case was transferred to the trial court's regular civil docket on December 30, 1999. Appellant filed an Answer and Counterclaim on January 6, 2000.
Appellant filed a Motion for Summary Judgment on March 2, 2000. The trial court denied the motion on March 21, 2000. Appellant's request for reconsideration of the trial court's denial of summary judgment was likewise denied on May 8, 2000.
A trial to the court was held on August 17, 2000. On that same day, the trial court entered judgment in favor of appellee as noted, supra. Appellant timely requested findings of fact and conclusions of law, which the trial court entered on September 22, 2000.
On October 2, 2000, appellant filed a Motion for New Trial, and requested a stay of execution of the trial court's judgment. The trial court denied appellant's motion on November 30, 2000. On December 4, 2000, appellant filed its Notice of Appeal, assigning as error:
 I. SUMMARY JUDGMENT SHOULD HAVE BEEN ENTERED FOR DEFENDANT-APPELLANT ON ITS MOTION PRIOR TO EVIDENTARY HEARING HEREIN.
 II. TRIAL COURT COMMITTED PREJUDICIAL ERROR IN FAILING TO FIND THAT AN ACCORD AND SATISFACTION HAD BEEN EFFECTED BETWEEN THE PARTIES.
 III. TRIAL COURT COMMITTED PREJUDICIAL ERROR IN TAKING EVIDENCE OF COMPROMISE AND SETTLEMENT AND USING SAME TO DETERMINE LIABILITY OF DEFENDANT AND AMOUNT OF SAME.
 IV. TRIAL COURT'S FINDING THAT DEFENDANT-APPELLANT "COERCED" THE PLAINTIFF INTO PAYING-OFF THE MECHANIC LIEN ON PROPERTY IS AGAINST THE WEIGHT OF THE EVIDENCE AND IS CONTRARY TO LAW.
 V. TRIAL COURT'S FINDINGS IN PARAGRAPH 4, PAGE 2, OF ITS FINDINGS OF FACT AND CONCLUSIONS OF LAW ARE GRATUITOUS NOT RELEVANT TO THE ISSUES HEREIN; ARE NOT SUPPORTED BY THE EVIDENCE, AND CONSTITUTE AN ABUSE OF DISCRETION.
 VI. TRIAL COURT'S GRANTING OF JUDGMENT AGAINST DEFENDANT WAS PREJUDICIAL ERROR FOR REASON THAT PLAINTIFF BREACHED THE CONTRACT AND PREVENTED DEFENDANT'S PERFORMANCE OF CONTRACT; PLAINTIFF CANNOT AVAIL HIMSELF OF HIS OWN MISCONDUCT.
 VII. TRIAL COURT ERRED IN FAILING TO FIND THAT PLAINTIFF'S ACTION HEREIN WAS "FRIVOLOUS CONDUCT" UNDER O.R.C. 2323.51 AND SHOULD HAVE AWARDED DEFENDANT FEES AND COSTS.
We will not address the merits of appellant's arguments as we find this Court does not have jurisdiction to hear this appeal.
App. R. 4 provides, in pertinent part:
(A) Time for appeal
 A party shall file the notice of appeal required by App. R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure.
(B) Exceptions
 The following are exceptions to the appeal time period in division (A) of this rule:
* * *
 (2) Civil or juvenile post-judgment motion. In a civil case or juvenile proceeding, if a party files a timely motion for judgment under Civ.R. 50(B), a new trial under Civ.R. 59(B), vacating or modifying a judgment by an objection to a magistrate's decision under Civ.R. 53(E)(4)(c) or Rule 40(E)(4)(c) of the Ohio Rules of Juvenile Procedure, or findings of fact and conclusions of law under Civ.R. 52, the time for filing a notice of appeal begins to run as to all parties when the order disposing of the motion is entered.
The trial court's judgment entry was filed August 17, 2000. When appellant timely requested findings of fact and conclusions of law, the time for appellant to file its notice of appeal was extended to thirty days after the trial court entered its findings of fact and conclusions of law on September 22, 2000. However, appellant did not file its notice of appeal until December 4, 2000.
Appellant did file its motion for new trial on October 2, 2000. Civ. R. 59(B) provides a motion for new trial shall be filed not later than fourteen days after the entry of judgment. Pursuant to Civ. R. 58(A), a judgment is effective only when entered by the clerk upon the journal. Although appellant's motion for new trial was filed within fourteen days of the trial court's filing of its findings of fact and conclusions of law, it was filed well over thirty days after the trial court's entry of its judgment effective August 17, 2000. Therefore appellant's motion for new trial was not timely filed and does not serve to extend the time within which appellant was required to file its notice of appeal pursuant to App. R. 4.
Appellant having failed to timely file its notice of appeal, we dismiss this appeal for want of jurisdiction.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, appellant's appeal is ordered dismissed. Costs assessed to appellant.
Hoffman, P.J.
Farmer, J and Boggins, J. concur.
[1] A statement of the facts is unnecessary for resolution of this appeal.